UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN WILSON,

    Petitioner,

                                         Civil No: 06-CV-11989
                                         Honorable Marianne O. Battani
                                         Magistrate Judge Virginia M. Morgan

v.

CINDI S. CURTIN,

    Respondent.

_____

## ORDER OF TRANSFER TO SIXTH CIRCUIT COURT OF APPEALS

### I. Introduction

This matter is before the Court on Respondent's "Motion to Transfer Petition for Writ of Habeas Corpus to United States Sixth Circuit Court of Appeals." Petitioner, Nathan Wilson, has filed a *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is confined at Oaks Correctional Facility in Manistee, Michigan.

### II. Statement of Procedural Facts

Petitioner was convicted on June 23, 1997 of two counts of first degree criminal sexual conduct, one count of armed robbery, and one count of car-jacking. He was sentenced to 30 - 50 years on the criminal sexual conduct convictions, 10 - 20 years for the armed robbery conviction, and 15 - 30 years on the car-jacking conviction. Petitioner filed a petition for writ of habeas corpus relative to this conviction on January 9, 2003 in the United States District Court for the Western District of Michigan under case number 01:03-CV-29. Magistrate Judge Ellen S. Carmody issued a Report and Recommendation recommending that the Court deny the petition. Petitioner raised

a series of objections, to which the Court issued an Opinion in response. Judge Richard Alan Enslen denied Petitioner's objections and adopted the Report and Recommendation denying habeas relief on March 29, 2004

Petitioner filed the instant petition with this Court on May 1, 2006 challenging the same conviction, but raising different grounds for habeas relief.

### III.  Discussion

The threshold question is whether the petition presently before the Court is "second or successive" within the meaning of 28 U.S.C. §2244.  A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson,* 477 U.S. 436, 444(1986).  A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant,* 499 U.S. 467 (1991).  A previous dismissal on the merits has a preclusive effect under §2244.  Moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher,* 137 F.3d 416, 419 (6th Cir. 1997).  A dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).  However, a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies s not a "second or successive" petition. *Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000).  Because Petitioner's January 9, 2003 was dismissed on the merits on March 29, 2004, his instant petition is second or successive.

Before a second or successive application for habeas relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. *28 U.S.C. §2244(b)(3)(A); Tyler v. Cain*, 533 U.S. 656, 661, n.3 (2001).  Therefore, since Petitioner has filed this second or successive petition without seeking permission from the Sixth

Circuit Court of Appeals to do so, the appropriate disposition is a transfer of the case to the Sixth Circuit of Appeals pursuant to 28 U.S.C. §1631; *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Respondent's "Motion to Transfer Petition for Writ of Habeas Corpus to United States Sixth Circuit Court of Appeals" **[Doc. #9-1, filed November 20, 2006]** is **GRANTED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Dated: March 30, 2007

CERTIFICATE OF SERVICE

I certify that on the above date a copy of this order was served upon Nathan Wilson by ordinary mail.

        s/Bernadette M. Thebolt
        Case Manager